1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9    GINA MARIE ROGERS,                         Case No.17-cv-05519-JSC

                 Plaintiff,
10

11        v.                                    **ORDER GRANTING MOTION FOR**
                                                **SUMMARY JUDGMENT ON ISSUE OF**
                                                **TIMELINESS**
12   NANCY BERRYHILL,
                                                Re: Dkt. No. 14
             Defendant.
13

14

15        Plaintiff Gina Rogers requests review of the denial of her claim for social security

16   disability benefits.  (Dkt. No. 1.)  Defendant, Nancy Berryhill, the Commissioner of Social

17   Security, moves to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) as barred by

18   the statute of limitations. (Dkt. No. 14.)  Because the motion and Plaintiff's opposition raised

19   issues not adequately addressed in the parties' filings, the Court ordered the parties to submit

20   additional briefing and provided notice that the Court intended to convert the motion to dismiss

21   into a motion for summary judgment.  (Dkt. No. 17.)  Having considered the parties' supplemental

22   briefing, the Court GRANTS Defendant's motion for summary judgment.  This action is time

23   barred because it was filed more than 30 days after the date on which Plaintiff contends she

24   received notice of the Appeals Council's notice of extension and Plaintiff has failed to

25   demonstrate that she is entitled to equitable tolling.[1]

26

27

     ───────────────────
28   [1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
     636(c). (Dkt. Nos. 6 & 10.)

**BACKGROUND**

On May 26, 2016, the Administrative Law Judge (ALJ) issued a decision denying

Plaintiff's application for disability insurance benefits. (Dkt. No. 14-1 at 8.[2]) The Appeals

Council denied Plaintiff's request for review on May 5, 2017. (*Id*. at 20.) The Appeals Council's

denial advised Plaintiff that she had 60 days within which to file a civil action challenging the

Agency's denial. (*Id*. at 22.) The letter also advised Plaintiff that she could request an extension

of this time, which Plaintiff's representative did on July 5, 2017. (*Id*. at 24.) On August 16, 2017,

the Appeals Council granted Plaintiff an extension of time to file her request for review. The letter

stated that:

> The Appeals Council now extends the time within which you may
> file a civil action (ask for court review) for 30 days from the date
> you receive this letter. We assume that you received this letter 5
> days after the date on it unless you show us that you did not receive
> it within the 5-day period.

(*Id*. at 25.) Plaintiff's representative received the letter on August 22, 2017. (Dkt. No. 18-2.)

Plaintiff forwarded the letter to her current counsel on August 29, 2017. (Dkt. No. 15-1 at 5.)

This civil action was filed on September 22, 2017. (Dkt. No. 1.)

**LEGAL STANDARD**

As the Court previously advised the parties, because the Commissioner's motion relies

upon extra-complaint evidence—namely, the Declaration of Nancy Chung and the exhibits thereto

including the Appeals Council's August 16, 2017 letter granting Plaintiff a 30-day extension of

time to file her request for review—the Court must convert the motion into a Rule 56 motion for

summary judgment. *See* Fed. R. Civ. P. 12(d).

Summary judgment is proper where the pleadings, discovery and affidavits show that there

is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment bears the initial

burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
ECF-generated page numbers at the top of the documents.

1 the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323

2 (1986). When the moving party has met this burden of production, the nonmoving party must go

3 beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that

4 there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to

5 show a genuine issue of material fact, the moving party wins. *Id.* At summary judgment, the

6 Court must view the evidence in the light most favorable to the nonmoving party: if evidence

7 produced by the moving party conflicts with evidence produced by the nonmoving party, the judge

8 must assume the truth of the evidence set forth by the nonmoving party with respect to that fact.

9 *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014).

10                                              **DISCUSSION**

11        The sole issue here is the timeliness of Plaintiff's civil suit seeking review of the denial of

12 her claim for disability insurance benefits.

13        **A.        The Statute of Limitations Bars Plaintiff's Complaint**

14        A civil action seeking judicial review of a final decision of the Commissioner "must be

15 commenced within sixty days after the mailing to him of notice of such decision or within such

16 further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Although §

17 405(g) uses the word "mailing," the related regulation provides that a civil action "must be

18 instituted within 60 days after the Appeals Council's notice ... is received by the individual"

19 except as that time is extended upon a showing of good cause and that "the date of receipt ... shall

20 be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the

21 contrary." 20 C.F.R. § 422.210(c) (emphasis added); *see also Vernon v. Heckler*, 811 F.2d 1274,

22 1277 (9th Cir. 1987) ("'Mailing' [as used in § 405(g)] is construed as the date of receipt of the

23 notice, which is presumed to occur five days after the date of the notice." (citing 20 C.F.R. §

24 422.210(c))). The regulation "creates a rebuttable presumption that receipt of notice shall be

25 presumed to occur '5 days after the date of such notice.'" *Matsibekker v. Heckler*, 738 F.2d 79, 81

26 (2nd Cir. 1984) (citing 20 C.F.R. § 422.210(c)). Where the claimant makes a "reasonable showing

27 to the contrary" and successfully rebuts the statutory presumption, the government may attempt to

28 prove that the claimant "received actual notice more than 60 days prior to filing the complaint in

1    district court." *See id.*

2          Here, the Appeal's Council granted Plaintiff's request for an extension of time to file a

3    civil action on August 16, 2017. (Dkt. No. 14-1 at 25.)  With the five days for presumed mailing,

4    her civil action needed to be filed by September 20, 2017—35 days after August 16. However, this

5    action was not filed until two days later—September 22. (Dkt. No. 1.)  Plaintiff contends that her

6    filing is nonetheless timely because the Appeal's Council's notice was not received until August

7    22, 2017. (Dkt. No. 15.)  In her supplemental brief, Plaintiff's prior representative, Deirdre H.

8    McCaskell, attests she "received the attached letter from the Social Security Appeals Council on

9    August 22, 2017." (Dk.t No. 18 at 2.)   However, as the Commissioner points out, 30 days from

10   August 22 is September 21, not September 22.  Thus, construing the evidence in the light most

11   favorable to Plaintiff, this civil action was filed one day late and is thus barred by the statute of

12   limitations.

13          **B. Plaintiff has not Established Equitable Tolling Applies**

14          Plaintiff's failure to comport with the statute of limitations may be excused if she can

15   demonstrate that she is entitled to equitable tolling.  *See Bowen v. City of New York*, 476 U.S. 467,

16   479–80 (1986); *see also Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (noting that

17   "Section 405(g)'s 60-day filing requirement, as a statute of limitations, is subject to equitable

18   tolling.").  Generally, a litigant is entitled to equitable tolling of a limitations period only if she can

19   show "(1) that [s]he had been pursuing [her] rights diligently, and (2) that some extraordinary

20   circumstance stood in [her] way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631,

21   649 (2010) (internal citation and quotation omitted).  Federal courts "have typically extended

22   equitable relief only sparingly," such as "where the claimant has actively pursued [her] judicial

23   remedies by filing a defective pleading during the statutory period, or where the complainant has

24   been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass."

25   *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "Equitable tolling is typically granted

26   when litigants are unable to file timely [documents] as a result of external circumstances beyond

27   their direct control." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).  "[T]he failure of a

28   retained attorney to timely file a federal social security complaint does not necessarily constitute

                                            4

1    an 'extraordinary circumstance' warranting equitable tolling." *Torres v. Barnhart*, 417 F.3d 276,

2    280 (2d Cir. 2005).

3         Plaintiff's brief in opposition to the motion to dismiss suggests that she is entitled to

4    equitable tolling because she "was homeless," "had difficulty obtaining counsel," and was "unable

5    to represent herself because of her mental disability." (Dkt. No. 15 at 3.)  These statements,

6    however, are contradicted by the attachment to Plaintiff's opposition brief; namely an August 29,

7    2017 email from Plaintiff to her *current* counsel which states "I wanted you to have a copy of this

8    new extension I just received.  My mail is just slow.  This should help us."  (Dkt. No. 15-1 at 5.)

9    Further, both these statements are in contrast to the allegations in her complaint which offer a third

10   explanation for the delay: that the letter was sent to the wrong address and that Plaintiff's father

11   died during this time frame.  (Dkt. No. 1 at 2.)   And all of these explanations contradict her

12   supplemental opposition which asserts that no equitable tolling is needed because the complaint

13   was filed on September 22, 2017.  (Dkt. No. 18.)

14        Putting aside these inconsistencies, Plaintiff has failed to make a showing through

15   admissible evidence that she is entitled to equitable tolling.  As the Court stated in its Order

16   advising the parties of its intent to convert the Commissioner's motion into a motion for summary

17   judgment, factual contentions "must be supported by an affidavit or declaration and by appropriate

18   references to the record." (Dkt. No. 17 at 2 (quoting Civil L.R. 7-5(a)).); *see also Simmons v.*

19   *Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (the court can "rely on the nonmoving

20   party to identify with reasonable particularity the evidence that precludes summary judgment").

21   Neither Plaintiff nor her counsel submitted a declaration in support of her argument for equitable

22   tolling; the arguments as to her shelter status and her father's death are simply unsupported

23   attorney argument and even that argument does not explain why the complaint could not be filed

24   on September 21 rather than September 22.  Moreover, the August 29 email attached to the

25   opposition brief shows that her current counsel who filed the complaint on September 22 was

26   aware of the notice of extension (and its date) on August 29.  And there is no evidence, or even

27   unsupported explanation, as to why counsel could not file by September 21 although she was able

28   to do so on September 22.  *See Lazerson v. Colvin*, No. 4:13-CV-02832-YGR, 2014 WL 967048,

5

1  at \*6 (N.D. Cal. Mar. 6, 2014) (denying equitable tolling where it appeared "to be a case of

2  attorney negligence [because] that does not warrant this extraordinary remedy"); *Vitt v. Astrue*,

3  No. C 06-7184 CW, 2008 WL 425936, at \*5 (N.D. Cal. Feb. 14, 2008) ("Equitable tolling is not

4  available to avoid the consequences of Plaintiff's negligence or that of her counsel."); *Garfield v.*

5  *Astrue*, No. C 03-4124 VRW, 2008 WL 5221095, at \*8 (N.D. Cal. Dec. 12, 2008), aff'd sub nom.

6  *Walter ex rel. Estate of Garfield v. Astrue*, 403 F. App'x 228 (9th Cir. 2010) ("Plaintiff may have

7  a cause of action for malpractice based on her attorney's failure to seek timely review after being

8  hired to 'represent client in a Social Security Disability case at the Federal District Court Level,'

9  but her suit against defendant is time-barred."). Plaintiff has therefore failed to offer any

10  admissible evidence demonstrating exceptional circumstances and entitlement to equitable tolling.

11  *See Nelson v. Pima Cmty. Coll*., 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("mere allegation and

12  speculation do not create a factual dispute for purposes of summary judgment.").

13                                                        \*\*\*

14        This action is barred by the statute of limitations because Plaintiff's request for review was

15  filed more than 30 days after her receipt of the Appeals Council's extended deadline to appeal.

16  While this result is harsh, given that Plaintiff has not offered any evidence that creates at least a

17  genuine dispute as to whether she is entitled to equitable tolling, or even offered any unsupported

18  argument that explains the delay given counsel's knowledge of the deadline, the Court cannot

19  excuse the late filing. Accordingly, the Commissioner's motion for summary judgment is

20  GRANTED.

21                                              **CONCLUSION**

22        For the reasons stated above, the Commissioner's motion for summary judgment is

23  GRANTED.

24        Plaintiff's counsel is ordered to serve Plaintiff with a copy of this Order and file proof of

25  service of the same within three days.

26  //

27  //

28  //

The Clerk will enter judgment by separate order.

**IT IS SO ORDERED.**

Dated: April 16, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge